IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE K. PRATHER | § | |
| v. | § | CIVIL ACTION NO. 9:06cv100 |
| KRISTI DUDLEY, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jesse Prather, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The lawsuit was set for an evidentiary hearing on September 7, 2006. At this hearing, Prather announced that he had filed a motion to recuse the Magistrate Judge and that he was refusing to proceed with the hearing. The Magistrate Judge advised him that his motion for recusal had been overruled, but Prather stated that he was "terminating the hearing."

On September 7, 2006, the Magistrate Judge issued a Report recommending that Prather's lawsuit be dismissed with prejudice for failure to prosecute or to obey an order of the Court. The Magistrate Judge observed that the refusal to proceed with a scheduled hearing, or even to proceed subject to objection, was an action which threatened the judicial process, justifying the imposition of the harsh sanction of dismissal of the lawsuit with prejudice. In the alternative, the Magistrate Judge noted that Prather had only filed grievances against 11 of the 26 Defendants whom he had named, and so his lawsuit could also be dismissed for failure to exhaust administrative remedies. Prather filed objections to the Magistrate Judge's Report on September 18, 2006, and sought an

1

Case 9:06-cv-00100-RC-JKG   Document 38   Filed 10/18/06   Page 2 of 4 PageID #: 210

extension of time to file further objections; this request was granted, and Prather filed his additional objections on October 2, 2006.

In his initial set of objections, Prather says that the district court erred in assigning his case to the undersigned and to Magistrate Judge Guthrie pursuant to a "conflict of interest." He says that the undersigned should not have ruled on the motion to recuse the Magistrate Judge and that he did not receive notice of the assignment from the Chief Judge. Prather says that the court erred by violating Rule 63 and not sending his notice of appeal to the Chief Judge of the district court or the Fifth Circuit Court of Appeals for a ruling. He says that the Magistrate Judge erred by attempting to preside over his hearing and the Magistrate Judge's "demeanor and motivation" were in violation of the Texas Code of Judicial Conduct. He contends that the Magistrate Judge's authority ends until a decision is properly made on his recusal motion, and that the Magistrate Judge was "attempting to conduct a bench trial."

In his second set of objections, Prather begins with an extended discussion of the proper role of Magistrate Judges. He says that the Magistrate Judge can read over TDCJ policy herself and therefore does not need to have prison representatives present at <u>Spears</u> hearings. Prather says that "it is apparent" that the Magistrate Judge has a "personal bias" and appears to complain that the dismissal of his habeas corpus petition was somehow connected to this case. Prather says that when the undersigned adopted the Magistrate Judge's recommendation that his habeas corpus petition be dismissed, both judicial officers became "disqualified" to preside over his Section 1983 lawsuit.

Prather goes on to complain that the order denying his recusal motion did not state on its face that it was not appealable, and argues that he has a right under Rule 4 to appeal it even though the Fifth Circuit has specifically said that such orders are not appealable. He again complains that improper procedures were followed with reference to his recusal motion and argues that the filing of the notice of appeal should have prohibited the Magistrate Judge from conducting the hearing. He points to statements made at the evidentiary hearing as "proof" of a bias, including the Magistrate Judge's introductions of other persons present at the hearing and complains that lesser sanctions

were not considered. He scoffs at the Magistrate Judge' statement that "time was set aside on a busy docket" for the hearing, saying that the Magistrate Judge did not have to travel anywhere.

Next, Prather appears to argue that he has exhausted his administrative remedies, saying that TDCJ officials did not bring all of his records to court. He attaches grievances to his objections, but these grievances were signed by him in June of 2006, well after the filing of the lawsuit. The Fifth Circuit has held that completion of the grievance process after the filing of a lawsuit does not satisfy the exhaustion requirement. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

It is apparent that Prather's objections lack merit. In U.S. v. MMR Corp., 954 F.2d 1040 (5th Cir. 1992), the plaintiffs sought recusal of the Magistrate Judge, which motion was denied by the Magistrate Judge himself. The Fifth Circuit noted that under 28 U.S.C. §144, the judge must reassign the case when the party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." U.S. v. MMR Corp., 954 F.2d at 1044. In this case, Prather did not submit an affidavit at all, much less a timely or sufficient one, and even construing his motion as an affidavit, he did not allege any valid basis for recusal. See Liteky v. United States, 114 S.Ct. 1147, 1157 (1994) (mere disagreements with rulings made is not sufficient to show bias or prejudice justifying recusal). Prather's motion for recusal of the Magistrate Judge was denied by the district judge presiding over the case, and so the Magistrate Judge properly presided over the evidentiary hearing. The order denying recusal is not an appealable interlocutory order. Nobby Lobby Inc. v. City of Dallas, 970 F.2d 82, 85-86 and n.3 (5th Cir. 1992). He has not shown that any improper procedures were followed. See also Knighten v. John, 115 Fed.Appx. 669 (5th Cir., October 14, 2004) (not selected for publication in the Federal Reporter) (motion to recuse the Magistrate Judge, who was presiding over the case pursuant to 28 U.S.C. §636(c), denied by the Magistrate Judge himself; the Fifth Circuit affirmed this decision, noting that the plaintiff's affidavit was "legally insufficient to support the motion for recusal.") Nor has Prather shown that the Magistrate Judge erred in her determination that he has not exhausted administrative remedies. His objections are without merit.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the Plaintiff's complaint and the record of the evidentiary hearing, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice for failure to prosecute, and, alternatively, for failure to exhaust administrative remedies. Finally, it is hereby

ORDERED that any and all motions which may be pending in this cause, including the Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (which is premature), are hereby DENIED.

So **ORDERED** and **SIGNED** this **18** day of **October, 2006.**

_____
Ron Clark, United States District Judge